UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | Case No.: 3:20-cr-00047 JD |
| | ) | |
| | ) | |
| TI LEE GOOBER, JR. | ) | |

## PETITION TO ENTER A GUILTY PLEA

The defendant above named respectfully represents to the Court as follows:

1. My true name is TI LEE GOOBER, JR. and I request that all proceedings against me be had in the name which I here declare to be my true name.

2. I was born in the United States of America. I have attended school and I have the ability to read, write and speak the English language.

3. I am represented by counsel and my lawyer's name is Scott Frankel.

4. I have received a copy of the one-count Indictment and have read and discussed it with my lawyer, and believe and feel that I understand every accusation made against me in this case.

5. I have told my lawyer the facts and surrounding circumstances as known to me concerning the matters mentioned in the Indictment and believe and feel that my lawyer is fully informed as to all such matters. My lawyer has since informed me and has counseled and advised with me as to the nature and cause of every accusation against me and as to any possible defenses I might have in this case.

6. I understand that I am entitled to have all of my rights which may be involved in this matter explained to me, and that I have the right to have any questions I may have answered for me.

7. I understand that I have a right to plead NOT GUILTY to any offense charged against me, and that under a plea of NOT GUILTY the Constitution guarantees me:

(a) the right to a speedy and public trial by a twelve-person jury of my peers, selected according to law, in the Northern District of Indiana which must return a unanimous verdict of GUILTY before I can be convicted;

(b) the right to be released on reasonable bail until my trial occurs;

(c) the right to see, hear and cross-examine all the witnesses against me at my trial;

  (d) the right to use the power and process of the Court to compel the production of any evidence, including the attendance of any witnesses, in my favor at my trial;

  (e) the right to the assistance of counsel at every stage of the proceedings, including upon an appeal if need be;

  (f) the right not to testify without prejudice; and,

  (g) that in the event that I should be found GUILTY of the charge against me, I would have the right to appeal my conviction on such charge to a higher court.

8. I understand, also, that if I plead GUILTY, I waive the right to trial by jury in any and all proceedings in this case and all of the other rights mentioned above.

9. Notwithstanding the above, I have, with the assistance of counsel, entered into an agreement with the United States Attorney's Office for the Northern District of Indiana as follows:

  (a) I agree to plead guilty to Count 1 of the Indictment that charges me with knowingly possessing a firearm after having been convicted of a crime punishable by more than one year imprisonment, in violation of Title 18, United States Code, Section 922(g)(1) because I am GUILTY of the offenses.

(b) I understand that in order for the Court to accept my guilty plea, the Court must receive what is called a factual basis. I agree that the following facts are true and that they shall form the factual basis for my guilty plea:

On or about February 7, 2020, I was a backseat passenger in a vehicle that was stopped by police for a traffic infraction. When the driver stopped the car, I ran from the vehicle. I left behind a loaded Glock model 23, .40 caliber firearm with serial number: DYY128 on the floorboard area of the seat from which I had fled. I had possessed this loaded Glock firearm while I was a passenger in the vehicle and I acknowledge that my DNA was found on the firearm.

I further acknowledge that my possession of the firearm was unlawful because I have been convicted of a crime punishable by imprisonment for a term exceeding one year, namely Battery by Means of a Deadly Weapon, a level 5 felony, in St. Joseph County Superior Court case number 71D08-1707-F5-129, on January 17, 2018. I also understand that the firearm was manufactured outside of the State of Indiana and therefore traveled in or affected interstate or foreign commerce prior to my possession of it.

(c) I further understand that the maximum possible penalty for a violation of Title 18, United States Code, Section 922(g)(1), is imprisonment of up to ten (10) years and/or a $250,000 fine, a term of supervised release of up to three (3) years, and a mandatory $100 special assessment due at the time of sentencing.

(d) I understand that under the U.S. Sentencing Guidelines, the Court, in light of an investigation by the United States Probation Office, will determine the applicable sentencing guideline range, and that the Court will determine all matters, whether factual or legal, relevant to the application of the sentencing guidelines including, but not limited to, the adjusted offense level, the relevant circumstances in the case, the criminal history points and category, relevant conduct, the grouping of offenses, victim-related adjustments, role in the offense adjustments, career offender status, criminal livelihood and acceptance of responsibility as well as possible departures from the application of the U.S. Sentencing Guidelines. I understand that the U.S. Sentencing Guidelines are advisory only, and that the specific sentence to be imposed upon me will be determined by the judge after a consideration of a pre-sentence investigation report, input

from counsel, from the government, and from me.

 (e) I understand that the law gives a convicted person the right to appeal the conviction and the sentence imposed. I also understand that no one can predict the precise sentence that will be imposed, and that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for my offense(s) as set forth in this plea agreement. With this understanding and in consideration of the government's entry into this plea agreement, I expressly waive my right to appeal or to contest my conviction and all components of my sentence or the manner in which my conviction or my sentence was determined or imposed, to any Court on any ground other than a claim of ineffective assistance of counsel, including any appeal under Title 18, United States Code, Section 3742 or any post-conviction proceeding, including but not limited to, a proceeding under Title 28, United States Code, Section 2255. I also agree to waive all rights, whether asserted directly or through a representative, to, after sentencing, request or receive from the United States any further records, reports, or documents pertaining to the investigation or prosecution of this matter; this waiver includes, but is not limited to, rights conferred by the Freedom of Information Act and the Privacy Act of 1974. Further, I acknowledge that I have received all discovery required by law prior to the entry of this plea and that I have reviewed the same with my lawyer

 (f) I expressly authorize the U.S. Attorney's Office to immediately obtain a credit report in order to evaluate my ability to satisfy any financial obligation imposed by the Court. I agree to submit within ten days of the filing of the plea agreement a completed financial statement to the U.S. Attorney's Office in a form it provides and as it directs. This statement will be used by the Financial Litigation Unit of the United States Attorney's Office to enforce the Court's sentence. I promise that the financial statement and disclosures will be complete, accurate, and truthful, and I understand that any willful falsehood on the financial statement will be a separate crime and may be punished under 18 U.S.C. § 1001 by an additional five years' incarceration and fine.

 (g) I further agree to forfeit to the United States any and all firearms and ammunition involved in the commission of the offense described in the Indictment, including but not limited to a Glock, model 23, .40 caliber handgun with serial number DYY128 and .40 caliber ammunition. I acknowledge that all property covered by this agreement is subject to forfeiture as property involved in or used in the commission of the offense. I further consent to the entry of orders of forfeiture pursuant to Federal Rules of Criminal Procedure 32.2.

 (h) Any agreement which follows in this sub-paragraph is submitted to the Court pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure and is not binding upon the Court; I understand this means that if the Court refuses to follow the recommendations set forth in this sub-paragraph, I will not be allowed to withdraw my guilty plea:

  (1) The United States of America and I agree that in recognition of my acceptance of responsibility for my offense conduct, I am entitled to the a two-level reduction in offense level; the United States of America and I further agree that I have assisted authorities in the investigation or prosecution of my own misconduct by timely notifying the United States Attorney's Office of my intention to plead guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently, and we agree that if my offense level is 16 or greater, the government will move at sentencing for me to receive an additional one-level reduction in offense level; however, the government's obligation to recommend acceptance of responsibility under this plea agreement is contingent upon my continuing manifestation of acceptance of responsibility; should I deny my involvement, give conflicting statements of my involvement, or engage in additional criminal conduct including any personal use of controlled substances, the government shall not be bound to recommend any reduction in offense level for acceptance of responsibility; I further understand the Court is not bound by this recommendation and that the Court makes the final decision regarding my receipt of a reduction in offense level for acceptance of responsibility.

   (2) At the time of sentencing, the United States Attorney's Office shall recommend that I be sentenced to a period of imprisonment at the low end of the applicable guideline range, said guideline range to be determined by the Court.

  (i) I understand that the government has reserved the right to tell the Court the good things about me and the bad things about me, and to fully inform the Court of the nature and extent of my offense(s) as well as the full extent of my criminal history.

  (j) Other than what is contained in this plea agreement, no predictions, promises, or representations have been made to me as to the specific sentence that will be imposed or any other matter.

10. I am prepared to state to the Court my reasons based on the facts in this matter that cause me to believe that I am GUILTY as charged.

11. I believe and feel that my lawyer has done all that anyone could do to counsel and assist me, and that I now understand the proceedings in this case against me.

12. I declare that I offer my plea of GUILTY freely and voluntarily and of my own accord, and no promises have been made to me other than those contained in this petition, nor have I been threatened in any way by anyone to cause me to plead GUILTY in accordance with this petition.

13. I understand and acknowledge that this petition, once filed with the Court, is a public document and available for public viewing.

*s/ Ti Lee Goober, Jr.*

Ti Lee Goober, Jr., Defendant

*s/ Scott Frankel*

Scott Frankel, Attorney for Defendant

APPROVED:

    THOMAS L. KIRSCH II
    UNITED STATES ATTORNEY

*s/ Joel Gabrielse*

By:

    Joel Gabrielse
    Assistant United States Attorney
    United States Attorney's Office
    204 S. Main Street, Room M01
    South Bend, IN 46601
    Phone: 574-236-8287
    Email: Joel.Gabrielse@usdoj.gov