UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 3:20-cr-00047 JD |
| ) | |
| TI LEE GOOBER, JR. ) | |

**UNITED STATES' MOTION FOR PRELIMINARY
ORDER OF FORFEITURE**

Comes now the United States of America by Thomas L. Kirsch II, United States Attorney for the Northern District of Indiana, by Jerome W. McKeever, Assistant United States Attorney, and in support of its Motion for a Preliminary Order of Forfeiture states as follows:

1. On June 10, 2020, a federal grand jury sitting in the Northern District of Indiana returned a one-count Indictment charging defendant Ti Lee Goober, Jr. with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).

2. The Indictment also sought forfeiture pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c) of any firearms and ammunition involved in the commission of the offense.

3. On July 29, 2020, defendant Ti Lee Goober agreed to plead guilty to the sole count of the Indictment, being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). On August 21, 2020, defendant Goober entered his guilty plea before Magistrate Judge Michael G. Gotsch, Sr.

Paragraph 9(g) of the plea agreement provided that the defendant agreed to forfeit to the United States the property referenced in this motion. Specifically, defendant Ti Lee Goober, Jr. agreed:

> I further agree to forfeit to the United States any and all firearms and ammunition involved in the commission of the offense described in the Indictment, including but not limited to a Glock, model 23, .40 caliber handgun with serial number DYY128 and .40 caliber ammunition. I acknowledge that all property covered by this agreement is subject to forfeiture as property involved in or used in the commission of the offense. I further consent to the entry of orders of forfeiture pursuant to Federal Rules of Criminal Procedure 32.2.

(Petition to Enter a Guilty Plea, ¶ 9(g))

4. The Court's jurisdiction is founded upon 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), which provide for the forfeiture of all firearms and ammunition involved in the commission of the offense.

5. Federal Rule of Criminal Procedure 32.2 provides, in relevant part:

> **(b)(1)(A) Forfeiture Determinations.** As soon as practicable after a verdict or finding of guilty, or after a plea of guilty or *nolo contendere* is accepted, on any count in an indictment or information regarding which criminal forfeiture is sought, the court must determine what property is subject to forfeiture under the applicable statute. If the government seeks forfeiture of specific property, the court must determine whether the government has established the requisite nexus between the property and the offense. If the government seeks a personal money judgment, the court must determine the amount of money that the defendant will be ordered to pay.

**(b)(1)(B) Evidence and Hearing.** The court's determination may be based on evidence already in the record, including any written plea agreement, and on any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable. If the forfeiture is contested, on either party's request the court must conduct a hearing after the verdict or finding of guilty.

**(b)(2)(A) Contents of a Specific Order.** If the Court finds that property is subject to forfeiture, it must promptly enter a preliminary order of forfeiture setting forth the amount of any money judgment, directing the forfeiture of specific property, and directing the forfeiture of any substitute property if the government has met the statutory criteria. The court must enter the order without regard to any third party's interest in the property. Determining whether a third party has such an interest must be deferred until any third party files a claim in an ancillary proceeding under Rule 32.2(c).

**(b)(2)(B) Timing.** Unless doing so is impractical, the court must enter the preliminary order sufficiently in advance of sentencing to allow the parties to suggest revisions or modifications before the order becomes final as to the defendant under Rule 32.2(b)(4).

**(b)(3) Seizing Property.** The entry of a preliminary order of forfeiture authorizes the Attorney General (or a designee) to seize the specific property subject to forfeiture; to conduct any discovery the court considers proper in identifying, locating, or disposing of the property; and to commence proceedings that comply with any statutes governing third-party rights. The court may include in the order of forfeiture conditions reasonably necessary to preserve the property's value pending any appeal.

6. Based upon the plea agreement filed July 29, 2020, plea hearing held August 21, 2020, and defendant Goober's consent to the forfeiture, the United States has established the requisite nexus between the property and the offense to which defendant Ti Lee Goober, Jr. has pleaded guilty. Accordingly, the following property is subject to forfeiture to the United

3

States pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c):

- Glock GMBH 23, .40 caliber pistol, serial number: DYY128US;
- 11 rounds .40 caliber ammunition.

7. Pursuant to Rule 32.2(b)(6) and 21 U.S.C. § 853(n), and in accordance with Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States shall post notice of the Preliminary Order of Forfeiture on an official government internet site (www.forfeiture.gov) for at least 30 consecutive days. The United States shall also provide direct written notice of the Preliminary Order of Forfeiture to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture.

The notice shall provide that any person, other than the defendant, having or claiming a legal interest in the forfeited property must file a petition with the Clerk, United States District Court, 204 S. Main Street, South Bend, Indiana 46601, and serve a copy on Jerome W. McKeever, Assistant United States Attorney, 204 S. Main Street, Room M01, South Bend, Indiana 46601, within 30 days of the receipt of notice, or within 60 days of the first publication of notice on the internet website, whichever is earlier. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited

property and any additional facts supporting the petitioner's claim and the relief sought.

8.  In accordance with the provisions of 21 U.S.C. § 853 and Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States requests that it be permitted to seize the specific property subject to forfeiture whether held by the defendant or a third party, and to undertake whatever discovery is necessary to identify, locate, or dispose of property subject to forfeiture, or substitute assets for such property.

WHEREFORE, the United States respectfully requests that this Court enter a Preliminary Order of Forfeiture forfeiting to the United States the property described herein and order the United States Marshals Service/Department of Treasury to seize and maintain custody of the forfeited property and dispose of it in accordance with the law.

Dated:  August 25, 2020

    Respectfully submitted,

    THOMAS L. KIRSCH II
    UNITED STATES ATTORNEY

By:  *s/ Jerome W. McKeever*
    Jerome W. McKeever
    Assistant United States Attorney
    United States Attorney's Office
    204 S. Main Street, Room M01
    South Bend, IN 46601
    Phone: 574-236-8287
    Email: Jerome.McKeever@usdoj.gov